UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota, by its Attorney General Keith Ellison,<br><br>Plaintiff,<br><br>v.<br><br>John Johnson, in his official capacity as President of the L.D.F. Business Development Corporation Board of Directors,<br><br>Defendants. | Court File No.: 24:cv-04285<br><br>**CONSENT JUDGMENT** |

  WHEREAS, this Consent Judgment is entered into between the State of Minnesota, by and through its Attorney General Keith Ellison, ("the Attorney General") and John Johnson Sr., solely in his official capacity as President of the L.D.F. Business Development Corporation ("LDF BDC") Board of Directors and controlling manager of LDF Holdings LLC;

  WHEREAS, Defendant states that LDF BDC was created by the Lac du Flambeau Band of Lake Superior Chippewa Indians, a federally recognized sovereign Indian nation ("Tribe"); that LDF BDC was created by the Tribe through its governing body, the Tribal Council, pursuant to Article VI, Section 1(o) of the Tribe's Constitution for the stated purpose of expanding business development, generating jobs and revenue for the Tribe and with the stated intent that the LDF BDC share in the Tribe's sovereign immunity as an arm of the Tribe; and that pursuant to Section 44a.201 of the Lac du Flambeau Tribally Owned Business Corporation Organization Ordinance ("Tribe Ordinance"), the Tribe approved and created LDF Holdings, LLC ("LDF Holdings") as a business to be wholly owned by LDF BDC for the stated purpose of stimulating economic growth and jobs for Tribal members and operating one or more Tribal lending businesses to engage in online consumer financial services and with the intent that LDF Holdings share in the Tribe's sovereign immunity as arms and instrumentalities of the Tribe;

  WHEREAS, Defendant states that the Tribe, through the authority granted to the Board of Directors of the LDF BDC, created Niiwin d/b/a Lendgreen, Niswi d/b/a LendUMo, Ziibi d/b/a Zfunds, Makwa d/b/a Makwa Financial, Niizh d/b/a Brightstar Cash, Midaaswi d/b/a National Small Loan, Naanan d/b/a Bear Claw Lending (Stone Lake Lending), Ningodwaaswi d/b/a Sky Trail Cash, Niizhwaaswi d/b/a Loan at Last,

1

Zhaangaswi d/b/a Nine Torches, Biboon d/b/a Bridge Lending Solutions, Giizis d/b/a Lakeshore Loans, Nigig d/b/a UbiCash, Niibin d/b/a Cash Aisle, Mitig d/b/a MitigCapital, Anong d/b/a Avail Blue, Opichi d/b/a Evergreen Services, Zagime d/b/a Blue River Lending, Waawaatesi d/b/a Quick Help Loans (Greenline), and Ishwaaswi d/b/a Radiant Cash (together, "the LDF Tribal Lending Companies"), per the Tribe's Ordinance as Tribally owned limited liability companies with LDF Holdings as their sole member and with the intent that the LDF Tribal Lending Companies share in the Tribe's sovereign immunity as arms and instrumentalities of the Tribe;

WHEREAS, Defendant states that the LDF Lending Companies, through LDF Holdings and LDF BDC, distribute profits to the Tribe's general fund, which supports Tribal government functions, programs and services;

WHEREAS, prior to 2024, the LDF Lending Companies extended loans exclusively over the internet to consumers who represent, during the application process, to have a Minnesota mailing address;

WHEREAS, on or about May 18, 2023, Minnesota's Governor signed into law the Commerce Omnibus Bill which amended Minn. Stat. §§ 47.600 and 47.601; Defendant's position is that the amendments changed the definition of "consumer short-term loan," and added provisions prohibiting lenders from making a loan with an annual percentage rate that is greater than permitted by the amendment, regardless of whether the lender has a physical location in Minnesota; the amendments went into effect on January 1, 2024 and applied to loans originated on or after that date; the Attorney General's position is that this statutory amendment to definitions of "consumer short-term loan" did not materially change existing law with regard to the issues in this action and that such statutes previously applied to any loan that takes place in Minnesota pursuant to subdivision 5 of section 47.601 and caselaw, *see, e.g. State v. Integrity Advance, LLC*, 870 N.W.2d 90 (Minn. 2015);

WHEREAS, Defendant states that LDF Lending Companies, as of December 31, 2023, ceased originating loans to consumers who, during the application process, identify their mailing address as Minnesota and the LDF Tribal Lending Companies placed notices on their website that loans are not available to consumers located in Minnesota;

WHEREAS, in 2024 the Attorney General commenced an investigation concerning LDF Holdings and internet lenders owned and operated by LDF Holdings and including but not limited to the LDF Tribal Lending Companies;

WHEREAS, on the same day as this Consent Judgment's filing, the Attorney General served the Complaint, in which the Attorney General set forth its allegations that LDF Holdings, operating through the LDF Tribal Lending Companies, violated Minnesota's general usury law, Minn. Stat. ch. 334; the Minnesota Regulated Loan Act, Minn. Stat. ch. 56; the Consumer Short-Term Loan Statute, Minn. Stat. § 47.601; the

Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.69-.70; the Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.44-.45; the False Statement in Advertising Act, Minn. Stat. §§ 325F.67; and the Consumer Financial Protection Act, 12 U.S.C. §§ 5531 and 5536;

WHEREAS, because LDF BDC, LDF Holdings, and the LDF Tribal Lending Companies are Tribally owned arms and instrumentalities of Lac du Flambeau Band of Lake Superior Chippewa Indians, a federally recognized Native American tribe entitled to sovereign immunity, the Attorney General's enforcement action seeks only prospective declaratory and injunctive relief and names defendant in his official capacity as a controlling manager of LDF Holdings and the LDF Tribal Lending Companies pursuant to his role as President of the Board of the LDF BDC, which controls LDF Holdings and the LDF Tribal Lending Companies;

WHEREAS, Defendant has not yet filed an Answer or response but denies the Attorney General's allegation in the Complaint, denies that the LDF Tribal Lending Companies conducted business in the State of Minnesota and asserts that the loans were originated online from the Tribe's Reservation, denies that the LDF Tribal Lending Companies have a physical presence in Minnesota, denies that Minnesota state law applies to the lending activities conducted by the LDF Tribal Lending Companies, and denies that the LDF Tribal Lending Companies violated the pre-2024 consumer lending laws even if Minnesota law did apply;

WHEREAS, subdivision 2b of Minn. Stat. § 8.31 vests the Attorney General with authority to agree to resolve investigations, such agreements may include a stipulation for performance or remedies provided by section 8.31, and a violation of such an assurance is punishable as contempt;

WHEREAS, subdivision 2b further provides that the Attorney General's acceptance of an assurance shall not be considered an admission of a violation for any purpose;

WHEREAS, in the interest of resolving this litigation between two sovereigns, the parties have agreed to this Consent Judgment to achieve settlement and compromise of all claims between the parties;

NOW THEREFORE, the Parties hereby agree to entry of an order with the following terms and conditions:

1. Defendant represents and warrants that the LDF Lending Companies, as of December 31, 2023, ceased originating new loans to consumers who, during the application process, identify their mailing address as Minnesota. Defendant represents and warrants that the LDF Tribal Lending Companies that remain in operation have placed notices on their websites that loans are not available to consumers located in Minnesota. The Attorney General in October 2024 reviewed the websites of the LDF Tribal Lending Companies that

3

continue to operate and confirmed the presences of such notices as of that time. Defendant represents and warrants that LDF Tribal Lending Companies Niiwin d/b/a Lendgreen, Niizh d/b/a Brightstar Cash, Midaaswi d/b/a National Small Loan, Nigig d/b/a UbiCash, Niibin d/b/a Cash Aisle, Ishwaaswi d/b/a Radiant Cash are no longer operating and will not resume operation.

2. Defendant represents and warrants that it has ceased collection on and has reduced loan balances to zero for all loans originated between July 24, 2016, and October 1, 2023, and made to consumers who identified their state of residency on their loan application as Minnesota (referred to herein as "the Previously Repealed Minnesota Loans"). Defendant also represents and warrants that it has not sold, assigned, transferred, or otherwise disposed of the Previously Repealed Minnesota Loans or loans subject to paragraph 7 below prior to executing this Consent Judgment.

3. Defendant represents and warrants that no other subsidiaries of LDF Holdings or the LDF BDC other than the LDF Lending Companies have originated loans to Minnesota consumers.

4. Defendant shall not engage in the business of marketing, advertising, and making loans to consumers that identify themselves as a Minnesota resident during the loan-application process and complete the loan transaction while physically located in Minnesota. Defendant shall state on its websites and all other marketing or advertising related to the LDF Tribal Lending Companies that loans are not available to consumers located in Minnesota. This paragraph, however, shall not apply if Defendant complies with Minnesota law as provided in paragraph 5 below.

5. Alternatively to paragraph 4, Defendant may engage in the business of making loans to Minnesota residents physically located in Minnesota if it does so in compliance with Minnesota consumer-lending laws, including Minn. Stat. ch. 334, Minn. Stat. ch. 56, and Minn. Stat. §§ 47.60 and 47.601. Defendant will provide the Attorney General with notice 120 days before recommencing the business of making loans under this paragraph.

6. To ensure compliance with paragraph 4 above, Defendant shall at all times require borrowers to identify their address (including their state) when they complete a loan application.

7. As to every outstanding loan both made to a consumer who identified their mailing address on their loan application as a Minnesota mailing address but is not a Previously Repealed Minnesota Loan, Defendant shall reduce the balance due on each such loan (all such loans are referred to herein as "the Prospectively Repealed Minnesota Loans") to zero within 30 days after entry of an order approving this Consent Judgment. Defendant shall not assign, transfer, or otherwise dispose of the Prospectively Repealed Minnesota Loans prior to the reduction.

8. Defendant represents and warrants that neither it, the LDF Tribal Lending Companies, nor agents acting on their behalf have sought or obtained judgment to collect on any of the Previously or Prospectively Repealed Minnesota Loans. Defendant will not seek or obtain judgment to collect on any of the Previously or Prospectively Repealed Loans.

9. By no later than March 1, 2025, Defendant shall send all consumer reporting agencies ("CRAs") to which the LDF Tribal Lending Companies previously had reported information regarding the Previously and Prospectively Repealed Minnesota Loans and request permanent removal of any negative tradelines previously reported to the CRAs in the name of the LDF Tribal Lending Companies. A tradeline shall be considered "negative" if it would tend to decrease a consumer's credit score or creditworthiness, e.g. by indicating that any payment due was missed. The letter to CRAs shall request that all other tradelines reported to the CRAs by the LDF Tribal Lending Companies for the Previously and Prospectively Repealed Minnesota Loans reported as closed, paid in full, and/or discharged, as applicable, with no negative history. The Attorney General acknowledges that Defendant's responsibilities, as set forth herein, shall constitute the sole requirements imposed on Defendant under this Consent Judgment with respect to credit reporting. The Attorney General acknowledges that Defendant does not control the actions of the CRAs and, thus, Defendant may only request that the CRAs make updates as set forth herein.

10. Within 120 days after entry of an order approving this Consent Judgment, Defendant shall certify compliance with the above paragraphs to the undersigned counsel for the Attorney General, including by identifying (a), for each borrower subject to a Prospectively Repealed Minnesota Loan, the borrower's full name, last known address, email address, and phone number, the loan's original principal balance, the loan's balance at the time of cancellation, the total amount collected from the borrower, and the status of the loan at the time of cancellation, and (b) the total number of Previously and Prospectively Repealed Minnesota Loans, the combined total of original principal balances for such Loans, the combined total of such Loan's outstanding balances prior to the reduction in balances provided under this Consent Judgment, the total number of such Loans in current, delinquent, and default status prior to the reduction in balances provided under this Consent Judgment; and the total amount collected on such Loans up until October 10, 2024. Pursuant to paragraph 13 below, the Attorney General may request information about specific Previously Repealed Minnesota Loans for the purposes of ensuring compliance with this Consent Judgment.

11. This action concerns John Johnson Sr. as Defendant only in his official capacity as President of the Board of Directors for the LDF BDC, which is granted full authority from the Tribe to control LDF Holdings and the LDF Tribal Lending Companies, and is binding on the LDF BDC, its subsidiary LDF Holdings, and the LDF Tribal Lending Companies. Obligations of Defendant under this Consent Judgment apply to and are binding on LDF Holdings, all successors, officers, servants, employees, and agents of LDF

5

Holdings, and other persons who are in active concert or participation with LDF Holdings in relation to the Previously and Prospectively Repealed Minnesota Loans who receive actual notice of this Consent Judgment.

12. Defendant shall not change the corporate form of doing business, organizational identity, organization structure, or management composition of LDF BDC, LDF Holdings, or the LDF Tribal Lending Companies as a method or means of attempting to avoid the requirements of this Consent Judgment.

13. For the purpose of ensuring compliance with this Consent Judgment, the Attorney General may make reasonably necessary requests for information specifically related to the Previously and Prospectively Repealed Minnesota Loans or for information necessary to verify compliance with paragraphs 4, 5, and 6 above. The Attorney General or Defendant may petition the Court for an order to compel the production of information or to protect against unreasonable requests pursuant to this paragraph. The Parties agree to cooperate and provide or execute any additional documentation as shall reasonably be required to effectuate the provisions or purposes of this Consent Judgment.

14. This Consent Judgment may be amended by stipulation or for good cause shown.

15. Within 30 days after entry of an order approving this Consent Judgment, Defendant shall provide actual notice of the court-approved Consent Judgment to all owners, contractors, investors, managers, directors, officers, agents, servants, employees, and attorneys of LDF Holdings.

16. This Consent Judgment shall not be considered an admission of a violation or wrongdoing by Defendant, LDF BDC, LDF Holdings or the Tribal Lending Companies, for any purpose. The terms of this Consent Judgment are made entirely for the purpose of a compromise and settlement of a dispute. Nothing in this Consent Judgment shall be construed to create any rights or interest in third persons or entities. The Fact of this Assurance and Discontinuance may not be used by any party to prove or establish liability in any other action or proceeding of any kind whatsoever.

17. As consideration of the foregoing Consent Judgment by Defendant, the Attorney General releases the Tribe, LDF BDC, LDF Holdings and the LDF Tribal Lending Companies, and their tribal council, tribal officials, tribal officers and tribal employees of any and all civil claims arising from the allegations in the Complaint. The Attorney General does not release any private claims or remedies under Minn. Stat. § 8.31, subd. 3a. The Attorney General does not release any claims concerning acts, conduct, events, or practices that occur after entry of an order approving this Consent Judgment.

18. This Consent Judgment shall not be deemed approval by the Attorney General of any business practice. Defendant shall not state or imply that the Attorney

General or any other governmental unit of Minnesota has approved or authorized any practice or conduct of Defendant or related parties by reason of this Consent Judgment.

19. Any failure by a party to this Consent Judgment to insist upon strict performance by the other party of any provision shall not be deemed a waiver of any such provision. Any party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any provision.

20. The U.S. District Court of Minnesota shall retain jurisdiction of this matter for the limited purpose of enforcing the obligations of this Consent Judgment. The Attorney General may make application as appropriate to enforce obligations or interpret the provisions of this Consent Judgment, including a motion for contempt pursuant to section 8.31, subdivision 2b. Defendant will not assert any claim of sovereign immunity or lack of personal jurisdiction to a proceeding that is limited to an action to enforce the obligations of the Consent Judgment. For the limited purpose of enforcing this Consent Judgment, Defendant makes a limited waiver of his claim to sovereign immunity from suit. Except as expressly set forth herein, nothing contained in this Consent Judgment shall be construed as a waiver of any rights or privileges belonging to the Lac du Flambeau Band of Lake Superior Chippewa Indians, L.D.F. Business Development Corporation, LDF Holdings, LLC, the LDF Tribal Lending Companies and each of their current, past and future Tribal Council members, directors, officers, general and limited partners, shareholders, managers, employees and agents, including sovereign immunity from judicial process, all of which are otherwise reserved. It is expressly understood that Defendant's limited waiver of sovereign immunity and consent to jurisdiction set forth in this Consent Judgment does not extend to the benefit of any third-party.

21. Notices or communications required by or related to this Consent Judgment must be sent via certified mail or emailed to the undersigned counsel or any person subsequently designated by a party to receive such notices.

22. This Consent Judgment, including any issues related to its interpretation and enforcement, shall be governed by the laws of Minnesota.

23. This Consent Judgment constitutes the full and complete terms of the agreement entered into by Defendant and the Attorney General.

24. This Consent Judgment may be executed in counterparts, all of which taken together shall constitute one agreement, and may be executed by facsimile or electronic copy in any image format. This Consent Judgment is effective when executed by all Parties and approved by the Court.

25. Defendant has been fully advised by counsel for Defendant before entering into the Assurance and executes this Consent Judgment in an official capacity that binds

LDF Holdings. The terms of this Consent Judgment may not be construed against or in favor of any of the Parties by virtue of draftsmanship.

26. Defendant agrees that the Attorney General, without further notice to Defendant, may file this executed Consent Judgment in the U.S. District Court of Minnesota on an *ex parte* basis. The Court may issue an order approving the Consent Judgment without further proceedings.

WHEREFORE, the Parties hereby acknowledge their agreement and consent to the terms and conditions set forth above through their respective signatures as set forth below.

IN WITNESS WHEREOF, the Parties have executed this Consent Judgment as of the dates set forth below.

FOR DEFENDANT:

Dated:  

JOHN JOHNSON  
Board President  
LDF Business Development Corporation

_____

FOR THE STATE:

Dated: 11/25/24

KEITH ELLISON  
Attorney General  
State of Minnesota

JASON PLEGGENKUHLE  
Assistant Attorney General

  */s/ Adam Welle*  
ADAM WELLE  
BENNETT HARTZ  
Assistant Attorneys General

Assistant Attorney General  
MN Atty. Reg. No. 0389951  
adam.welle@ag.state.mn.us  
445 Minnesota Street, Suite 1200  
St. Paul, Minnesota 55101-2130  
(651) 757-1425

8

LDF Holdings. The terms of this Consent Judgment may not be construed against or in favor of any of the Parties by virtue of draftsmanship.

26.  Defendant agrees that the Attorney General, without further notice to Defendant, may file this executed Consent Judgment in the U.S. District Court of Minnesota on an *ex parte* basis. The Court may issue an order approving the Consent Judgment without further proceedings.

WHEREFORE, the Parties hereby acknowledge their agreement and consent to the terms and conditions set forth above through their respective signatures as set forth below.

IN WITNESS WHEREOF, the Parties have executed this Consent Judgment as of the dates set forth below.

FOR DEFENDANT:

Dated: 11/21/24

JOHN JOHNSON
Board President
LDF Business Development Corporation

FOR THE STATE:

Dated:

KEITH ELLISON
Attorney General
State of Minnesota

JASON PLEGGENKUHLE
Assistant Attorney General

ADAM WELLE
BENNETT HARTZ
Assistant Attorneys General

Assistant Attorney General
MN Atty. Reg. No. 0389951
adam.welle@ag.state.mn.us
445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
(651) 757-1425

8

## ORDER

    Having reviewed the terms of the foregoing Consent Judgment, which the Court finds just and reasonable, it is so ORDERED:


Dated: _____                             _____

                                                                                U.S. District Judge
                                                                                District of Minnesota